# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Centurion Medical Products,** a Michigan corporation, *Plaintiff,* v. **RR Donnelley & Sons Company,** a Delaware corporation, *Defendant.* | Case No. **JURY TRIAL REQUESTED** |

# COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND



Plaintiff, Centurion Medical Products, by and through its counsel, for its Complaint herein against Defendant, RR Donnelley & Sons Company ("RRD"), alleges as follows:

## I.   THE PARTIES

1. Plaintiff Centurion Medical Products ("Centurion") is a Michigan company having its headquarters at 100 Centurion Way, Williamston, Michigan 48895. Centurion Medical Products was formerly known as Tri-State Hospital Supply Corporation, as reflected in the name change recorded at the U.S. Patent and Trademark Office at reel: 023044 and Frame 0611.

2. Upon information and belief, Defendant RR Donnelley & Sons Company ("RRD" or "Defendant") is a Delaware corporation with its principal place of business at 35 West Wacker Dr., Chicago, IL 60601.

## II.   JURISDICTION

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, and United States Code.

4. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

5. Upon information and belief, Defendant is subject to this Court's jurisdiction because the defendant regularly and continuously targets customers in the Eastern District of Michigan, engages in substantial sales and other business



1

transactions in this District, and has sold and/or offered for sale, infringing products and/or committed infringing acts in this District. The United States District Court for the Eastern District of Michigan therefore has in personam jurisdiction over the Defendant.

### III.   BACKGROUND

6. On January 23, 2007, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,166,345 ("the '345 patent"), titled "Destructible Privacy Label." (*See* Exhibit A, U.S. Patent No. 7,166,345.)

7. Centurion is the owner of all right, title, and interest in the '345 patent, including the right to recover for any and all past infringement thereof.

8. Centurion both designs and sells various label products that are sold to the medical industry. Such label products include a variety of self-shredding labels that operate to remove Personal Health Information ("PHI") from discarded medical products. Examples of such self-shredding labels are illustrated in Exhibit B.

9. In October 2016, Centurion became aware that RRD was selling a self-shredding label that is identical to the self-shredding labels that Centurion has developed and is protected by virtue of the '345 Patent.

10. More specifically, upon information and belief, RRD has been selling item #ULHH507, which is a self-shredding label ("RRD Label"). *See* Exhibit C, excerpt from p. 141 of RRD's 2016 UAL Healthcare E-Catalog.



11. A photograph of a RRD self-shredding label is attached hereto as Exhibit D.

12. RRD's label is identical to Centurion's commercial embodiment of the '345 Patent.



RRD's Label



Centurion's Label

13. Attached as Exhibit E is RRD's Instructions for Use ("IFU") document that explains the structure of RRD's label, and how it is used.



3

14. RRD's IFU includes a step-by-step illustration of how to use RRD's label, reproduced below.



15. The step-by-step illustrations of Exhibit E are essentially identical to the illustrations shown in Centurion's own literature. (Exhibit B):



16. While RRD's IFU refers to the RRD label as the "Piggyback IV Label" in the step-by-step illustrations, RRD appears to use the terminology from Centurion's literature.

17. For example, RRD's IFU uses the identical phrases "peel self-shredding area" and "discard shredded portion" that are used in Centurion's literature.



4

## IV. COUNT I – INFRINGEMENT OF USPN 7,166,345

18. Defendant has made, used, offered for sale and sold in the United States, and continues to make, use, offer for sale and sell in the United States destructible, self-shredding privacy labels. Defendant's activities infringe, induce others (users of RRD's label) to infringe, and/or contributorily infringe the '345 patent. These activities include providing the RRD labels to customers. By making, using, offering for sale and selling labels including, but not limited to, its labels in the United States, Defendant is infringing claims of the '345 patent under 35 U.S.C. § 271.

19. Defendant has infringement one or more claims of the '345 Patent.

20. For exemplary purposes only, claim 1 of the '345 patent recites the following: "A destructible privacy label comprising: a first sheet-like member having an upper surface and an adhesive lower surface; said upper surface adapted for printing indicia thereon; said first sheet-like member comprising a single layer including two segments conjoined about a separation line that defines adjacent segment edges; said two segments together define the printed indicia area; each segment being separable from the other along the separation line; one segment of said first sheet-like member has a permanent adhesive on said adhesive lower surface and the other segment is removable; said separation line extending from one edge of said first sheet-like member to another edge of said first sheet-like



5

member; and a second sheet-like member having an upper surface and an adhesive lower surface, said upper surface is siliconized and releasably directly contacting said first sheet-like member adhesive lower surface; wherein removing one of said segments from the other renders said indicia printed on said first sheet-like member upper surface illegible of said destructible privacy label."

21. The RRD label includes every limitation of claim 1 of the '345 patent as detailed in paragraphs 22-30 below.

22. The RRD label is shown below.



23. The self-shredding privacy label sold by RRD includes a first sheet-like member that has an upper surface and an adhesive lower surface.

24. The upper surface is adapted for printing indicia thereon, such as patient information.

25. The first sheet-like member comprises a single layer that includes two segments conjoined about a separation line (i.e., the sinusoidal line shown in Paragraph 22). The separation line defines adjacent segment edges. The



separation line extends from one edge of the first sheet-like member to another edge of the first sheet-like member.

26. The two segments together define the printed indicia area.

27. Each segment is separable from the other segment along the separation line.

28. One segment of said first sheet-like member has a permanent adhesive on the adhesive lower surface and the other segment is removable.

29. The second sheet-like member has an upper surface and an adhesive lower surface. The upper surface is siliconized and releasably directly contacting the first sheet-like member adhesive lower surface.

30. Removing one of segments from the other renders said indicia printed on the first sheet-like member upper surface illegible.

31. Centurion has suffered damages as a result of the infringing activities of the Defendant and will continue to suffer such damage as long as those infringing activities continue.

32. Upon information and belief, Defendant's infringement of the '345 patent has been and continues to be willful, wanton, and deliberate—with full knowledge and awareness of Plaintiff's patent rights. Alternatively, Defendant has been willfully blind to Plaintiff's patent rights. In addition, Defendant has



7

knowledge of the '345 patent constructively through Plaintiff's marking of its products, and expressly based on the filing and service of the present lawsuit.

33. The Plaintiff has no adequate remedy at law. Unless enjoined by this Court, the Defendant will continue such willful acts of infringement, causing Plaintiff to incur substantial and irreparable damage.

## VI. DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Defendant has infringed the claims of the '345 patent, and that such infringement has been and continues to be willful;

B. Preliminarily and permanently enjoining and restraining Defendant, its officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with the Defendant, from further infringement of the '345 patent;

C. Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff his reasonable attorney's fees and costs and disbursements in this action; and



8

E.  Granting to Plaintiff such other and further relief as this Court deems reasonable.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues so triable.

Respectfully submitted,

Dated:  October 21, 2016

**BROOKS KUSHMAN P.C.**

　/s/  Kristin L. Murphy
Kristin L. Murphy, (P57284)
Marc Lorelli (P63156)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  kmurphy@brookskushman.com
　　　　　mlorelli@brookskushman.com

*Attorneys for Plaintiff*

